UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**                    DATE: January 25, 2000

**CIVIL NO. 97-1458 (DRD)**
LAW CLERK: Nathan J. Schulte

===============================================================

| | |
|---|---|
| **JOSE BETANCOURT, et al.,** | Attorneys: Demetrio **FERNANDEZ** |
| Plaintiffs, | |
| v. | |
| **NIPPY, INC., et al.,** | Ricardo F. **CASELLAS** |
| Defendants. | Camelia **FERNANDEZ** |
| | Russell **DEL TORO** |

===============================================================

    A STATUS CONFERENCE was held and counsel provided the Court with the status of this case. The are two pending disputes on file.

    First, is a Motion to Compel and/or to Dismiss for Failure to Comply with Court Order (Docket No. 56). Plaintiffs have yet to comply with the propounded discovery requests. Although at this stage the motion (Docket No. 56), is **DENIED**, and the Court hereby **ORDERS** Plaintiffs to **respond by February 10, 2000**. Plaintiffs are forewarned sanctions, possibly including dismissal, will be forthcoming should Plaintiffs responses be found evasive or not in full compliance.

    Second, is Plaintiffs' Motion to Request Leave to File Second Amended Complaint (Docket No. 46) filed on December 7, 1999. The Court notes Plaintiffs filed a First Amended Complaint (Docket No. 45) on November 24, 1999. Oppositions have been filed against the Court's granting leave to file the Second Amended Complaint. (Docket Nos. 50 & 51). Additionally, the Court **GRANTS** the Defendants Nippy Inc.; John Houston, Jane Roe and the conjugal partnership composed by them; Whitney Houston, John Doe, and the conjugal partnership composed by them, Motion for Leave to File Instanter (Docket No. 53), adding a third opposition.

    The issues raised by the oppositions (Docket Nos. 50, 51 & 53) include: statute of limitations; and res judicata/collateral estoppel - because breach of contract claim is a compulsory counter-claim required to be brought in a previous action. Additionally, the Courts attention was directed to the contract upon which the Plaintiffs' Second Amended Complaint breach of contract claim is founded has a Choice of Law; Forum clause, wherein the clause states "THE NEW YORK STATE AND FEDERAL COURTS LOCATED IN NEW YORK COUNTY SHALL HAVE EXCLUSIVE JURISDICTION IN CONNECTION WITH ANY DISPUTES ARISING HEREUNDER, ..." Thus, the contention is that should leave be granted for Plaintiffs to file their breach of contract claim the case must be dismissed pursuant to the above clause.

Therefore, the Plaintiffs are hereby **ORDERED TO SHOW CAUSE by February 1, 2000** why the Court should not deny Plaintiffs' motion for leave to file a Second Amended Complaint. Failure to timely comply with the Court's order shall result in summary denial of Plaintiffs' request for leave. (Docket No. 46).

On a related issue. The Co-defendants, The William Morris Agency, Inc., and Kim Jones, filed a Motion Requesting Extension of Time to Answer the Amended Complaint Until the Court Rules on Pending Matter (Docket No. 54), which has been rendered **MOOT**. Consequently, Co-defendants, The William Morris Agency, Inc., and Kim Jones, are **ORDERED** to file an Answer to the First Amended Complaint (Docket No. 45), **by February 7, 2000**.

The Initial Scheduling Conference has been rescheduled for **February 17, 2000 at 4:30 p.m.** Attorney, Ramón L. Viñas Buesco, representing Defendants, Bressler, Amery & Ross, P.C., and Thomas L. Weisenbeck, Esq., was not in attendance and is hereby **ORDERED TO SHOW CAUSE by February 11, 2000** why he (Ramón L. Viñas Buesco) should not be personally sanctioned $300.00 for failure to appear.

*[signature]*

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

s/c: Counsel of record

P \MINUTES\97-1458 MEM