**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

RECEIVED AND FILE
00 SEP 15 AM 8: 29
U.S. CLERK'S OFFICE
DISTRICT COURT
SAN JUAN, P.R.

JOSE BETANCOURT, et al.,

          Plaintiffs,

                    v.                    CIVIL NO. 97-1458 (DRD)

NIPPY, INC., et al.,

          Defendants.
_____

## ORDER

Pending before the Court are a couple of issues that can be grouped into the headings that follow.

**1) Plaintiffs' Request for Leave to File Second Amended Complaint.**

The Court held a Status Conference on January 25, 2000 recorded in the minutes state in

pertinent part:

"Second, is Plaintiffs' Motion to Request Leave to File Second Amended Complaint (Docket
No. 46) filed on December 7, 1999. The Court notes Plaintiffs filed a First Amended
Complaint (Docket No. 45) on November 24, 1999. Oppositions have been filed against the
Court's granting leave to file the Second Amended Complaint. (Docket Nos. 50 & 51).
Additionally, the Court **GRANTS** the Defendants Nippy Inc.; John Houston, Jane Roe and the
conjugal partnership composed by them; Whitney Houston, John Doe, and the conjugal
partnership composed by them, Motion for Leave to File Instanter (Docket No. 53), adding a
third opposition.
The issues raised by the oppositions (Docket Nos. 50, 51 & 53) include: statute of limitations;
and  res judicata/collateral estoppel - because breach of contract claim is a compulsory
counter-claim required to be brought in a previous action. Additionally, the Courts attention
was directed to the contract upon which the Plaintiffs' Second Amended Complaint breach of
contract claim is founded has a Choice of Law; Forum clause, wherein the clause states "THE
NEW YORK STATE AND FEDERAL COURTS LOCATED IN NEW YORK COUNTY
SHALL HAVE EXCLUSIVE JURISDICTION IN CONNECTION WITH ANY DISPUTES
ARISING HEREUNDER, ..."  Thus, the contention is that should leave be granted for
Plaintiffs to file their breach of contract claim the case must be dismissed pursuant to the
above clause.
Therefore, the Plaintiffs are hereby **ORDERED TO SHOW CAUSE by February 1, 2000**

why the Court should not deny Plaintiffs' motion for leave to file a Second Amended Complaint. Failure to timely comply with the Court's order shall result in summary denial of Plaintiffs' request for leave. (Docket No. 46)."

(Docket No. 58). An additional opposition to Plaintiffs' request for leave has been filed. (Docket No. 60).

On February 1, 2000, Plaintiffs filed their motion in compliance with the Court's order to show cause and requested leave to file second amended complaint. (Docket No. 63). Therein, the Plaintiffs requested that the Second Amended Complaint as tendered at Docket No. 63 be accepted and thus, Plaintiff Pro Rok, Inc., be dismissed without prejudice. Plaintiffs renew their assertion that the factual allegations (paragraphs 27 to 39) set forth in the Second Amended Complaint (as tendered) do not add additional claims or causes of action but further refines the facts at hand. Furthermore, Plaintiffs  Accordingly, the Plaintiffs' original Second Amended Complaint (Docket No. 59) is **STRICKEN**.

Defendants objected to the Plaintiffs' Second Amended Complaint (as tendered) and specifically the additional inserted paragraphs 27 to 39 for a myriad of reasons. (Docket Nos. 64, 65, 66, 67).

Next, at a subsequent conference the Court stated that:

> "2. Plaintiff is granted until **March 3, 2000** to amend the Complaint identifying "who did what". The Complaint is to be more specific as to the allegations and defendants.
> 3. The Court requests plaintiff to state which of the allegations form paragraph 26 through 39, both inclusive, in the Complaint are absolutely necessary to prove intention."

(Docket No. 68).[1]

---

[1] Defendants, Nippy Inc., John Houston, Jane Roe and the conjugal partnership composed by them, Whitney Houston, John Doe, and the conjugal partnership composed by them, state that a copy of the February 17, 2000 conference minutes were not received and requested a copy of the same. (Docket No. 73). That request is **GRANTED** and the Clerk of Court is to supply said minutes as soon as practicable to counsel Luis A. Oliver.

AQ 72
(Rev 8/82)

On March 3, 2000, the Plaintiffs submitted their Second Amended Complaint. (Docket No. 70 &

71). The Defendants opposed the latest Second Amended Complaint, <u>see</u> (Docket Nos. 72, 74, 75),[2]

and requested the additional paragraphs 26 to 39 be struck for: (1) not specifying who-did-what and

go to the question of intent as previously ruled by the Court, <u>see</u> FED. R. CIV. P. 12(e); (2) containing

"redundant, immaterial, impertinent, or scandalous matter," <u>see</u> FED. R. CIV. P. 12(f); (3) sounding in

contract and fraud, and; (4) having not been raised as a compulsory counterclaim, and thus waived,

in a previous action, <u>see</u> FED. R. CIV. P. 13(a). Thereafter, the Plaintiffs replied. (Docket No. 76).

First, the Court is mindful that leave to amend a party's pleading should be freely given when

justice so requires. <u>See</u> FED. R. CIV. P. 15(a). Next, the Court has scrutinized the facts set forth in

paragraphs 26 through 39. Plaintiffs have not complied with the Court's order to designate who did

what and more importantly, have failed to state which of the allegations form paragraph 26 through

39, both inclusive, in the Complaint are absolutely necessary to prove intention. (Docket No. 68).

Moreover, the Plaintiffs concede that the Second Amended Complaint is tendered not to add new

claims or causes of action. For Plaintiffs' blatant disregard of the Court's unambiguous order the

Second Amended Complaint (Docket No. 71) is hereby **STRICKEN**. The First Amended

Complaint is the live pleading in this case. (Docket No. 45).

**2) Plaintiffs' Request for an Extension to Oppose Pending Dispositive Motions**

Plaintiffs' request for a final extension of time until September 19, 2000 to oppose ALL pending

---

[2] The Co-defendants, The William Morris Agency, Inc. and Kim Jones, request to join Defendants Bressler, Amery & Ross, P.C. and Thomas L. Weisenbeck, Esq.'s Motion to Strike all Versions of Plaintiff's Second Amended Complaint at Docket No. 72. (Docket No. 75). The request to join is **GRANTED**. (Docket No. 75).

dispositive motions is hereby **GRANTED**.  The underlying request for extension of time to oppose

is also **GRANTED**.  (Docket No. 95).  Plaintiffs are hereby FOREWARNED that failure to timely

oppose all outstanding dispositive motions shall signal to the Court that the Plaintiffs agree with the

arguments contained therein and thus, agrees that the Court should summarily grant them.

Absolutely **NO** requests for further extensions of time shall be entertained and will be summarily

denied.  Accordingly, Co-defendants request to join an opposition to Plaintiffs' request for an

extension of time (Docket No. 98) is **MOOT**.


**3) Motion to Compel**

Defendants Nippy Inc., John Houston, Jane Roe and the conjugal partnership composed by them,

Whitney Houston, John Doe, and the conjugal partnership composed by them, on January 21, 2000

filed a Motion to Compel and/or to Dismiss for Failure to Comply with Court Order.  (Docket No.

56).  The minutes of the Status Conference on January 25, 2000 contain in pertinent part the

following:

> "First, is a Motion to Compel and/or to Dismiss for Failure to Comply with Court Order
> (Docket No. 56).  Plaintiffs have yet to comply with the propounded discovery requests.
> Although at this stage the motion (Docket No. 56), is **DENIED**, and the Court hereby
> **ORDERS** Plaintiffs to **respond by February 10, 2000**.  Plaintiffs are forewarned sanctions,
> possibly including dismissal, will be forthcoming should Plaintiffs responses be found evasive
> or not in full compliance."

(Docket No. 58).

On January 28, 2000, Defendants Bressler, Amery & Ross, P.C. and Thomas L. Weisenbeck,

Esq. filed Motion to Compel.  (Docket No. 61).  Plaintiffs did not oppose.  However, the motion did

not contain confirmation that the parties convened a conference to resolve the depending discovery

Page -4-

AO 72
(Rev 8/82)

dispute and consequently, the motion (Docket No. 61) is **DENIED**.  <u>See</u> Local Rule 311.11 ("The

Court will not entertain any motion relating to discovery unless moving counsel shall first advise the

Court, in writing, that counsel for the parties have been unable to resolve their differences or reach

an agreement after holding a conference as provided for in this Rule, or that counsel for respondent

has refuse to confer or has delayed the conference without good cause.").

Thereafter, on February 25, 2000, Defendants Bressler, Amery & Ross, P.C. and Thomas L.

Weisenbeck, Esq. filed a Second Motion to Compel (Docket No. 69), which rectified the deficiency

of the discovery dispute conference pursuant to Local Rule 311.11.  Succinctly, the movant asserts

that the answers provide by the Plaintiffs were done in a cursory, unresponsive, and incomplete

manner.  Again, Plaintiffs failed to oppose.  Nevertheless, the Court has perused the interrogatories

and their respective responses.  The Court finds that the Defendants Bressler, Amery & Ross, P.C.

and Thomas L. Weisenbeck, Esq. and the Plaintiffs are at fault for the pending discovery dispute.

The Court explains.

First, Defendants Bressler, Amery & Ross, P.C. and Thomas L. Weisenbeck, Esq.  The Court

will not condone the propounding of discovery outside the rules of procedure.  That is, "[w]ithout

leave of court or written stipulation, any party may serve upon any other party written

interrogatories, not exceeding 25 in number including all discrete subparts, . . ." FED. R. CIV. P.

33(a).  Although leave was not requested to exceed 25, the Court counts over fifty (50)

interrogatories "including all discrete subparts" have been propounded on Plaintiffs.  And rather than

truncate the later questions, the Court believes that the movant is in a better position to appropriately

cull the number of interrogatories down to 25 "including all discrete subparts."  Wherefore, the

Court **DENIES** the motion to compel. (Docket No. 69).  Further, without providing the transcripts,

as referred to in Plaintiffs' response, the Court is not in a position to determine whether Plaintiffs

have fully complied with the subject requests or answered in a cursory, unresponsive, and

incomplete manner.

Notwithstanding, the Plaintiffs are hereby duly **FOREWARNED** that the Court's patience has

been stretched to the breaking point and further perpetration of "fast and loose" circumvention of the

discovery rules shall be met with severe sanctions. For example, the Plaintiffs must, and shall,

answer a direct interrogatory as stated in Interrogatory Number 1 (b) "state the complete name, last

known physical address and telephone number of each person known to you to have any information

regarding the facts set forth in response to the preceding paragraph of this interrogatory, and state in

detail such information." Plaintiffs response "witnesses to be announced" is a wholly inadequate

answer and shall not be tolerated. Enough said.

Recapitulating, the motion to compel is **DENIED**. (Docket No. 69). The Defendants Bressler,

Amery & Ross, P.C. and Thomas L. Weisenbeck, Esq. are **GRANTED** until **September 25, 2000** to

serve a properly culled, numbering 25 or less "including all discrete subparts," written

interrogatories upon Plaintiffs. Should said Defendant so propound the culled interrogatories, the

Plaintiffs shall **FULL** and **COMPLETELY** respond by **October 16, 2000**. The Court shall

**STRICTLY** enforce the above order and deadlines. Parties failing to timely comply shall be

appropriately sanctioned.

**IT IS SO ORDERED**.

    **Date: September 12, 2000**                  **DANIEL R. DOMINGUEZ**

P:\PEACHORD ERS\97-1458A MTN                                     **U.S. District Judge**

AO 72
(Rev 8/82)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

BEFORE HONORABLE **DANIEL R. DOMINGUEZ**

**MINUTES OF PROCEEDINGS**                    DATE: February 17, 2000

**CIVIL NO. 97-1458 (DRD)**

Courtroom Deputy:  Janet **GONZALEZ**

==================================================================

JOSE BETANCOURT, et al.            <u>Attorneys:</u> Demetrio FERNANDEZ

vs.

NIPPY, INC., et al.                        Ricardo CASELLAS
                                           Russell DEL TORO
                                           Camelia FERNANDEZ
                                           Ramón L. VIÑAS BUESO
==================================================================

   **INITIAL SCHEDULING CONFERENCE IS HELD.** Counsel apprize the
Court as to discovery matters pending and rulings are issued.

   1.  **Dkt. No. 64:** Request to amend <u>Minutes</u> of January 25, 2000,
Dkt. No. 58, is granted.  There being no objection, <u>Minutes</u> are
amended as requested.

   2.  Plaintiff is granted until **March 3, 2000** to amend the
Complaint identifying "who did what".  The Complaint is to be more
specific as to the allegations and defendants.

   3.  The Court requests plaintiff to state which of the
allegations from paragraph 26 through 39, both inclusive, in the
Complaint are absolutely necessary to prove intention.

   4.  Cut-off date for discovery is **June 30, 2000.**

   5.  Additional summary judgment motion, if necessary, based on
lack of participation and opposition thereto shall be filed by **July
30, 2000.**

   6.  A Pretrial Conference is set for **August 7, 2000 at 9:00**

68

**MINUTES CIVIL NO. 97-1458 (DRD)**                                    PAGE 2

**A.M.**  Counsel are advised that trial will most probably be held during the last week of August 2000.

                                        _____
                                        COURTROOM DEPUTY

s/c: Counsel of record